A.P. v. Fayette County School District A.P. v. Fayette County School District Okay, Ms. Smith. Good morning. May it please the Court. When A.P., a 16-year-old student, told school officials that she had been forced to perform oral sex on another student after he choked her twice, the second time so roughly that she fell against a wall, school officials responded by suspending and expelling her under Rule 28 of the school's Code of Conduct. That rule prohibits students from engaging in sexual activity on campus but does not distinguish between consensual and non-consensual sexual conduct. The decisions to deprive A.P. of her education, including by expelling her, violated Title IX and the Equal Protection Clause's anti-discrimination guarantees. Defendants' arguments all hinge on genuine disputes of material fact. Specific— Counsel, you're not arguing, are you, that they made a determination that it wasn't consensual sex but expelled her anyway, are you? Your Honor, our argument is that a jury does not have to conclude that the investigation here, the purported investigation, was unreasonable to conclude that defendant's conduct here was clearly unreasonable, and that's because even if the investigation were inconclusive— That's not the question I asked. The question I asked is, it sounded like from your opening remarks that they made a determination that it—they did not make a determination after an investigation that it was consensual. Yes. I understood the record to show that they did make a determination after an investigation that it was consensual. Your Honor, not as to the expulsion, and I'll direct you to the evidence that demonstrates that there was no determination made as to whether the conduct was consensual or forced, and this includes the evidence that the rule under which A.P. was suspended and expelled does not distinguish between consensual and non-consensual sexual activity. Counsel, I understand what the rule says, but I thought there was a finding made, a determination made, that it was consensual. Not as to the expulsion, again, the State Board of Education that affirmed A.P.'s expulsion explained that Rule 28 does not require school officials to show that a student intended to engage in sexual activity, just that the student, in fact, engaged in the act. This is Appendix 3, 1178, and Principal Lane's notes focus exactly on this point. He wrote, quote, she admitted she did it but didn't want to. This is Appendix 2, 549, and at the tribunal, Lane never addressed whether A.P. consented to engage in sexual conduct. That's Appendix 3, 884 through 1000, and as if to underscore this point that A.P.'s expulsion was clearly unreasonable and made perhaps without a determination as to whether she was forced to violate Rule 28 of the school's Code of Conduct, when the State Board of Education affirmed the expulsion, it included in its factual rendition that A.P., quote, did not agree to perform oral sex, that the male student, quote, grabbed her by the throat twice, and that A.P. told J.B., quote, no. This is Appendix 3, 1177, and yet the expulsion was affirmed because, again, the rule does not require a demonstration that the student intended to violate Rule 28. Okay. Will you tell me then how that argument relates to your claims? That is, as I understand, you've got the deliberate indifference Title IX claim, you've got a retaliation claim, you've got an equal protection claim. Are you saying that that is supportive of all or any one of them? It supports all of the claims, and I'll start with the deliberate indifference claim. So this Court made clear in Doe v. Broward County that it's common at the end of an investigation, even a reasonable investigation, for a school to find that there's not enough reasonable evidence to support a report of sexual harassment, perhaps to take corrective measures against the alleged perpetrator, but that doesn't mean that the sexual harassment did not occur, and therefore, in Doe v. Broward County, the Court explained that it may make sense to take informal corrective measures, and so it must be clearly unreasonable and thus deliberate indifference to punish a student who reports being sexually assaulted or raped, because school officials must recognize under those circumstances that even where the student is unable to affirmatively prove what happened to her through other reasonable evidence besides her report, it still may have occurred, and she should not be deprived of her education for reporting. But if they reasonably concluded, not correctly, the principal could be 100% wrong, but if it's a reasonable conclusion based on the evidence that he had before him, then why not, if it violated policy to have consensual relations on school grounds, could he not act in that manner? Your Honor, your question assumes that the rule designates consensual sexual activity as... Well, it certainly covers it, right? Sure, but this rule... I know your argument, but it covers that, and if he concluded, and it's clear, let's just talk about the suspension now. Sure. He clearly concluded that it was consensual. The principal believed that. Whether that belief was correct or not is a separate point, but there is no dispute in the evidence that after investigating it, he believed it was consensual. I do think that there is a dispute on that point based on the same evidence that demonstrates that the expulsion was made without a determination as to consent. That doesn't work as to the principal. That might work for the school board and the ultimate, or the state board of education and the ultimate determination, but that does not work for the principal. Point me to it, but as I understand it, his subjective belief was clearly that this was consensual. That was his closing argument you pointed out in your brief many times. He emphatically argued this was a gift. Now, that may have been a horrific mistake that the principal made, and looking at the same evidence, I don't know that I would have reached the same conclusion, but how can we say that's clearly unreasonable based on at least the video, based on talking to JB, based on looking at the text messages, based on at least some of the information, the undisputed information that AP provided? Your Honor, it's still clearly unreasonable to punish the student who has reported being sexually harassed under those circumstances because, as this court made clear in Doe v. Broward County, when these investigations are ongoing, the point of the investigation is to determine whether to take corrective measures against the alleged perpetrator. And so here, even if at the end of this investigation there was not sufficient reasonable evidence to verify AP's report of sexual harassment, the school officials had to understand that the harassment may still have occurred because AP herself reported that it had occurred. Can't it be as a matter of law that any time somebody alleges, let's say a young man alleges that a teacher molested him, it cannot be that after an investigation is done, and it is concluded that that is false. It did not happen, it was a lie, it was done for some nefarious reason. That there still needs to be some informal corrective measure, and the school can't punish that person for lying and destroying somebody's career and life. Your Honor, it may be that if there's incontrovertible evidence that the report is false, then the school may be able to take corrective measures for the report being false. But here, the facts demonstrate that there was... What if the school decides it's much more likely than not that it's false? If it's much more likely than not that it's false, then I would direct the court to this court's Title VII retaliation cases that demonstrate when the purported legitimate reason for punishing an employee is inextricably linked with the potentially unlawful motive, then it's for a jury to decide whether the purported legitimate motive that a complaint is false is the real motivation. But here, I do want to focus on the facts here where there's no evidence that the defendants punished AP because they believe she had made a false report. The evidence is very clear that they punished her under Rule 28 of the school's Code of Conduct, which prohibited sexual activity on campus. And that purported legitimate reason for punishing AP is inextricably linked with the... So, counsel, under your position, the best thing that someone who's engaged in consensual sex can do is go to the authorities promptly and say, I was forced into sex. And under your theory, the school, at the very least, has to subject itself to being sued, even if it makes a determination that that person is not telling the truth. Your Honor, I don't think that's the situation we have here because... I'm not talking about what we have here. I'm talking about where your position will necessarily lead. And your position is, anytime it's inextricably intertwined, and it will be, because it's the same act by the same parties. And one person says, yes, I was forced. He held his arm around my neck and choked me. And the other guy says, the other person says, no, I did not. The school can't take any action against that, both parties, for having consensual sex, if it makes that determination, without going before a jury and being sued. Your Honor, it is our position that it's clearly unreasonable to punish a student by suspending and expelling her when she has reported that she's been sexually assaulted or raped. Even with the finding that that's a false report, that she wasn't, that it was clearly consensual sex. If there's incontrovertible evidence of a false report... I don't understand what you mean by incontrovertible, because she will controvert it. Well, for example, in a situation where a student rescinds the report and says, no, I was making that up. To borrow your phrase, that's not this case. You're saying that so long as one of the parties, the party in question, maintains his or her story, the school can't do anything without being charged with retaliation. Your Honor, and that's applying this court's decision in Doe versus Broward County. I think it's more than applying it. I think it's over applying. That's not what... Go ahead. Again, it's our position that when a student reports that she has suffered sexual harassment, that it's clearly unreasonable to punish the student for engaging in sexual conduct. I don't know that I read Doe that way. You know, I looked, I actually went back to Doe this morning because of how relevant I think it is. But so in Doe, as I understand it, there were two allegations against the perpetrator, right? And I thought what we said in Doe was after the first one, the principal there did actually, it seemed to be a very similar investigation to here. He separated the two. He talked to both. He talked to some other witnesses and some teachers and then made a conclusion that nothing happened, even though I think they separated him from class. And then what we said is after the second one came in, it became unreasonable what the principal did. It seemed to be that this is very similar to what happened with regard to the first student that we said was not deliberately indifferent. Do I have that wrong? Your Honor, what makes this different is that the school's response wasn't to do nothing based on this investigation. It was to directly deprive the student victim of her education, knowing she had reported being sexually assaulted. And that's the injury that Title IX protects against is that deprivation to education. So I see that my time is up. Thank you. Okay. Ms. Matthews, you've saved three minutes for rebuttal. Let's go ahead for Mr. Nguyen. Thank you, Your Honor. Good morning, Your Honors. I'm Hugh Nguyen with Harbin, Hartley & Hawkins on behalf of the defendants in this case. As the court properly noted, there are two issues in the case, the Title IX and the 1983 equal protection against both the school district and Principal Lane. I'm going to first start with the Title IX issue. If a student reported sexual harassment There are two Title IX claims, right? I'm apologizing. Two Title IX claims both against the school district. That is correct, Your Honor. If a student reported sexual harassment and was immediately suspended for that report as it appears to be described by counsel, I would agree that is a violation of Title IX. But that's not what happened in this case. When the report was when a potential report wasn't heard by a teacher, she persuaded, convinced the student to talk to two counselors, who then reported to the head counselor, who then reported to an assistant principal, who got another assistant principal to assist him in a thorough investigation of what happened. They spoke to both students involved twice. Both the APs reviewed the video of what occurred. The full 53 minutes. What do we do with what happened on appeal? I apologize. I don't understand. The State Board's finding is it doesn't matter whether it was consensual or not. What do we do with that? I don't think it has any effect on this because the State Board is a completely separate entity here. The issue is whether the school district itself violated Title IX, and thus the actions of the school district, does it demonstrate deliberate indifference? The court is very familiar with all the steps that took place. Principal Lane also reviewed the video. In preparation for the tribunal, he spoke with the witnesses. The tribunal panel listened to all the testimony, all the arguments, and then it made a decision. There's some assertion that the rule does not clearly specify, does not mention consensual or non-consensual. I think it's pretty self-evident that students are not punished when they're forced to engage in inappropriate behavior in schools, and certainly inappropriate sexual behavior. Principal Lane— Why is it self-evident since the State Board said it wasn't evident? My interpretation of the State Board decision, Your Honor, was that it talked about the idea that the rule does not differentiate between consensual and non-consensual. And I apologize if I'm misquoting the State Board decision. You are. It says, on its face, Rule 28 does not require the local board to show evidence of intent. Period. End of quote. Well, not a period, but an end of the quote. Honestly, Your Honor, I don't quite understand the State Board's language in that sentence. What I can say is that the facts of the case, the testimony of the administrators who did the investigation, they made a determined—well, first of all, I may go to the counselors. The counselors, after their interview with AP, and I understand that there are disputes and disagreements as to what AP said to the counselors, but what is undisputed is that the counselors reported to the head counselor, Ms. Maddox, that they concluded this was consensual sexual activity, and therefore they needed to report that to the assistant principal to engage in investigation to make a determination whether the student code of conduct was violated. That investigation was done. Both administrators testified under ELFID. They concluded this was consensual sexual activity, reported their findings to Lane, who made an independent review of the evidence, including the video. He determined it was consensual activity, and then Principal Lane reported to the assistant superintendent of operations, explained his findings, and he concurred with the decision to move forward with the tribunal for the consensual sexual activity in school. So I don't understand the notion that there is some confusion whether or not the school thought it was consensual or not. The school clearly thought it was consensual, and they moved forward with the punishment. I understand your argument. You want to keep going back to the school, but we do have the State Board determination. Let me ask you about something else. On page 4, under Title IX, the last sentence of the first paragraph on that page says, to the extent that the student has a Title IX claim, the State Board does not have jurisdiction to hear it. What's that about? In the briefing before the State Board, and I don't believe that is in the record, I think the appealing party, and I believe it's their separate counsel. I don't believe it was the counsel in the district court case. The appealing party to the Georgia State Board of Education tried to raise a Title IX claim, and the State Board made it. That's the reason for the State Board's decision. So nothing the State Board said can affect the Title IX claim? Is that what you're saying? No, Your Honor. What the State Board did not rule on the Title IX claim, but there are determinations that were made by the Student Disciplinary Tribunal that was affirmed by the local Board of Education and then affirmed by the State Board, which is that she engaged in consensual sex by— Well, where did the State Board affirm the determination that it was consensual sex? I apologize, Your Honor. I did not mean to include the State Board in that determination. The State Board affirmed the punishment, but you're correct that the State Board did not indicate that it was consensual sex. If the State Board had thought that the local officials, the school, and other officials involved had made an error and that it was not consensual sex, could the State Board have done anything about that? The State Board does have the authority to overturn the decision of the local Board of Education. That has happened numerous times over the years in various tribunal appeals, the most recent one being a claim of self-defense that the school district did not properly consider, and the State Board overturned the decision. I believe that was the State Board decision a few months ago. The problem here is that the State Board is not a defendant and I guess maybe can't be made a defendant because of the 11th Amendment? I think it's a possibility, Your Honor. Honestly, I've never thought about that. The decision of the State Board— The issue in the case whether the school district violated Title IX, I don't think the decisions of the State Board and what it says have any factor into that. Your point is whatever decision the State Board made can't be imputed in terms of fault to the entity that was actually sued. That is correct. If, in fact, the State Board had overturned the tribunal decision, I don't believe that would have been dispositive on a Title IX issue. Can I go back to the state order that we've been talking about? Yes. On page 3, the way that this is structured is typical of an opinion. There's a fact section, there's a procedural section, and there's an issue section called enumeration of error. And error number one is, quote, the local board failed to present any evidence of the student's consent or intent to violate the student code and that the student's actions caused a disruptive or danger to the school board. In other words, the intent that they're talking about there in terms of the enumeration of the error is the intent to violate the code. In other words, is this a specific intent crime or a general intent crime? Did you know about the code and violate it? Is there an intent requirement or not? And then you get to the decision, and it goes through each of those issues. And the first issue in that sentence that Judge Carnes read you is, on its face, Rule 28 does not require the local board to show evidence of intent. In other words, there isn't a specific intent requirement or that the prohibited conduct caused a disruption of or danger to the school. In other words, the second issue was, is there a requirement that there be disruption for the rule? And the answer is no, the rule doesn't require specific intent to violate the rule, and no, it doesn't require disruption. And then the rest of it goes to the consent issue, or at least stances around it. And it says that the two counselors and the assistant principal testified that the student admitted to doing the sex act. And then the next sentence is, the student did not tell them that she was coerced into performing the sexual act. There is evidence in the record that supports the finding that the student violated the rule, period. Is that your understanding of what happened? Yes, as far as the State Board decision. As far as the State Board decision? Yes, Your Honor. Okay. Am I misunderstanding anything there? No, Your Honor, you're not. Okay, all right. Thank you. Moving on then. So going back to the issue about the deliberate indifference standard, I want to make one comment. Counsel talked about the Doe v. Broward and the fact that in that case, even though the administrators in the case made a determination, there was no clear sexual harassment, still provided support for the victim or the alleged victim in that case. And Judge Carnes brought up his question with exactly the point that I wanted to make with that, which is the distinction here is unlike in the Broward decision, in this particular case, the student, the school district determined that the student did something that it reasonably believed was a violation of the code of conduct. And so the scenario where if every student who gets caught engaging in sexual activity at school, it opens the door for if one of them claims that they were forced, does that mean that the school cannot punish inappropriate student behavior on campus? And that's the issue of concern here. A thorough investigation was done. A tribunal was held when independent tribunal made a determination. And those are clear facts that would preclude any sort of finding that this was deliberate indifference. Judge Pryor talked about the administrators reasonably concluded. And we absolutely believe that the decisions made by the administrators would meet a reasonable standard. But, of course, the standard for Title IX is even higher than that of deliberate indifference. What about the retaliation point your opposing counsel makes? Because what your opposing counsel said is where it's mixed, in other words, where the complaint of act is the same act that they're investigating, and they say they're doing it for this reason as opposed to that reason, is all bound together. And we pointed to at least our Title VII law have said that that creates a jury question of whether the purpose of the retaliation was for the improper purpose as opposed to the proper purpose. The entirety of the retaliation claim rests on the notion that she made a report of sexual harassment, and the retaliation, the suspension, the tribunal, all of that is in retaliation. So in order for the retaliation claim to survive, there has to be, it relies on the fact of the sexual harassment and the report. Here, there was a report, and it, like I said, if the school district immediately suspended, absolutely that is violation of Title IX and the retaliation. But here it did a thorough investigation, and as a result of that made a determination that there was no sexual harassment, that it was consensual and therefore a violation of code of conduct, and that is why she was punished. Not for reporting. She was punished for the sexual harassment. I mean she was punished for the consensual sexual act that took place. I would note, Your Honors, that— So let me make sure I understand this. As I understand it, there's a prima facie case that a plaintiff can make for retaliation claim, right? And if the school punished the student for a consensual sexual act at school, and the sincerity of that belief is undisputed, that is that belief on the part of the school officials, then the prima facie case is rebutted. Is that your point about the retaliation claim? Yes, Your Honor. There's a clear non-retaliatory reason for the actions that it took, and the clear non-retaliatory reason is that the administrators and the tribunal concluded that the students engaged in consensual sexual activity and therefore faced the appropriate punishment. I would note that the— The plaintiff would have an opportunity to prove that the reason proffered was— that the reason given by the school was pretextual, but it would be irrelevant if the school was mistaken about what it found. So long as it was sincere in its belief about the student's violations. Yes, and certainly the Title VII jurisprudence in this circuit talks about that. I don't know if there's Title IX retaliation jurisprudence that's used to that specific language about sincerely believe in a Title IX case. I would like to note also that the male student who was involved in the act, who did not report anything at all, he suffered the same punishment as AP did in this case. My time has run out. I'll rely on the briefing on the 1983 case law. Thank you very much. Thank you. Ms. Math, you've saved some time for rebuttal. Thank you, Your Honors. I want to focus on why the decision to expel AP can be imputed to the district for Title IX purposes and for the equal protection claim as well. So the state court's finding? That's right. The ultimate decision to expel her. And that's because it was the natural consequence of having a policy that does not distinguish between consensual and non-consensual sexual conduct. And district employees implemented this policy when they disciplined AP, despite knowing that she had reported being sexually assaulted. And again, the evidence demonstrates that the ultimate expulsion was made without a determination as to whether she consented or was forced to violate Rule 28 of the school's Code of Conduct. And that can also be imputed to the district for the purposes of the equal protection claim because it's an official policy or custom that caused the constitutional deprivation here. And again, as we discussed earlier, the State Board of Education included in its factual rendition that AP did not agree to perform oral sex and that the male student grabbed her by the throat, but they nonetheless affirmed that ultimate expulsion. Independent of the rule, if, based on a reasonable investigation, the school officials concluded that suspension and expulsion were the appropriate remedies. Independent of the rule, just saying, I think what happened here was wrong based on my investigation. If that investigation was reasonable, then there would not be a Title VII or an equal protection violation, correct? There would be a Title IX violation where the student was deprived of her education because she reported being sexually assaulted. But it can't be one equals the other. In other words, as I understand the deliberate indifference standard, there has to be some thing between that. And that thing is a clearly unreasonable decision to do that. How is it clearly unreasonable, again, having conducted, by hypothetical, having conducted a full investigation and making a wrong, and albeit wrong, reasonable conclusion based on the evidence? Because where a student consistently reports that she's been sexually harassed, the school officials must recognize that even if the student is unable to affirmatively prove that the harassment occurred, it may still have occurred. And therefore, it's clearly unreasonable to suspend or expel her as a result. And here, no one disputes that AP reported being sexually harassed. So a jury could find it clearly unreasonable that, as a result, she found herself expelled. And again, the injury that Title IX protects against is that deprivation of education. And here, AP suffered the ultimate educational deprivation because of defendant's clearly unreasonable response to her report of sexual harassment. Thank you. But you're equating clearly unreasonable with not believing the complaint. No, Your Honor. I'm not equating clearly unreasonable with not believing the complaint. Yes, you are. You're saying unless, if she's consistent, if she says, I don't care what the videotape shows, I don't care what my texts show, I was forced to do it. Your Honor. I know I told four people that I wasn't, it was my idea, but I was lying. I'm telling you, I was forced to do it. You're saying it's clearly unreasonable and deliberate indifference not to believe her. Your Honor, under the circumstances you just described, it may not be a Title IX violation if the student, in fact, says I was lying. But here, there's no evidence in the record that you... No, no, no, no, no, no, no. What you're saying is it's clearly unreasonable not to believe the student unless the student does say, perhaps on audio or videotape, perhaps after taking an oath, that I was lying. Your Honor, what my... Anything else is not good enough. These texts she sent the next day, no, that's not good enough. It's clearly unreasonable because she never admitted to the school officials that she wasn't telling the truth. It's our position that it's clearly unreasonable to punish a student under a rule that does not distinguish between consensual and non-consensual sexual activity Even if the officials who did the investigation came up with a reasoned decision that it was consensual. When a student reports that she's been sexually harassed, the school officials must recognize that even when she cannot affirmatively prove that the harassment occurred with reasonable evidence other than her report, the school officials must recognize that the harassment still may have occurred and it is clearly unreasonable to suspend or expel the student under those circumstances. So as long as the harassment may have occurred, the school officials' hands are tied. They can't take any action. They can't deprive the student of her education under Title IX. They can't expel the student so long as there's a 1% chance it may have happened. If the investigation is inconclusive and the student has reported being sexually harassed. The investigation wasn't inconclusive. It was conclusive in the sense that it reached a conclusion that it was consensual. The expulsion was affirmed without a determination as to whether AP consented. You're talking about affirmed as opposed to determined. Yes, Your Honor, but AP was ultimately expelled without there being a determination as to whether she consented or was forced to. When you say ultimately, are you talking about the State Board? I'm talking about the State Board, but again, that decision to expel. Okay, so if you would, it would help me if you would take the State Board off the tape and assume that the law permissibly provided that whatever the district determined was the final decision. Just assume that for a moment. Okay. You would still take the position that they couldn't do this because she didn't admit that it was consensual. Because she consistently, she was unwavering in her report that she had been sexually harassed and there was no finding here that she made a false report or had lied. It would be clearly unreasonable to punish her. I'm sorry. There is a finding here at the local level that she had lied because they found that she consented after recognizing that she claimed she didn't consent. Your Honor, I'd point you to Principal Lane's notes that include the evidence where he writes, quote, she admitted she did it but didn't want to. This is Appendix 2, 549. And the other evidence that supports that defendants here punished her before they made any determination as to whether she had consented or was forced to. They suspended her. They didn't expel her. Your Honor, I'd point you to the in-school suspension. This is Appendix 1, 166 and Appendix 2, 7. Counsel, why don't you point me to the answer to my question? In other words, articulate yes or no, or yes but, or no but, or yes and, or but and. But tell me they didn't expel her until they determined it was non-consensual. In our view, the same evidence that supports the defendant. I'm sorry, Counsel. It's a yes or no. No, I would dispute that the evidence demonstrates. We will check your case against the record. Okay. And see if at the time the expulsion decision was made, they had determined it was non-consensual. Easy enough. That's all I was asking. Okay. Thank you. Thank you. We're in recess until tomorrow.